**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4832

DANIEL LUTZ,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge;
Peter J. Messitte, District Judge;
Herbert N. Maletz, Senior Judge,
sitting by designation.
(CR-95-293-PJM)

Argued: April 10, 1998

Decided: August 7, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
CHAMBERS, United States District Judge for the
Southern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished opinion per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Denise Charlotte Barrett, Assistant Federal Public
Defender, Baltimore, Maryland, for Appellant. Maury S. Epner,

Assistant United States Attorney, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Lutz (hereinafter Appellant) appeals from the final order of the United States District Court for the District of Maryland, entered on October 25, 1996, sentencing him, inter alia, to serve three concurrent 168 month sentences for three convictions of armed bank robbery in violation of 18 U.S.C. § 2113(d). On appeal, Appellant makes two assignments of error. First, Appellant asserts the trial court erred by allowing the prosecution to introduce extrinsic evidence to show that Appellant admitted lying under oath in an unrelated proceeding. Second, Appellant argues the trial court erred by permitting the prosecution to introduce selected portions of Appellant's testimony from his first trial while refusing to admit additional portions of his prior testimony which he claims explains the testimony introduced by the prosecution. Upon review of these alleged errors and the record in this case, Appellant's convictions are affirmed.

I. FACTUAL AND PROCEDURAL HISTORY

Appellant was convicted of robbing three banks in Maryland of approximately $130,000 between December 1991 and February 1993. On each occasion, Appellant dressed as a woman, possessed what appeared to be a handgun, and confronted bank employees as they entered work in the morning. After taking money from the vaults, Appellant would steal one of the bank employee's vehicles and drive it to a location where Appellant presumably had another vehicle waiting.

2

Appellant was apprehended for these crimes after his friend, Tim Clinton, told the FBI that Appellant admitted to him that Appellant committed the robberies. Mr. Clinton related to the FBI accurate, but not publically disclosed, facts about the crimes. To build its case against Appellant, the FBI wired Mr. Clinton to record his conversations with Appellant. Although Appellant did not admit to the bank robberies in any of the recorded conversations, Appellant told Mr. Clinton that he previously "beat" a drunk boating charge by lying under oath to the judge.

As the FBI further investigated Appellant, it learned, inter alia: Appellant lived near each of the three geographically diverse banks on the date each was robbed; Appellant had a regular pattern of relatively large, even-dollar cash deposits in the months following the second and third robberies; and, immediately after the third robbery, Appellant deposited several thousand dollars in money orders in the name of Richard Fox into a bank account. In addition, Appellant was positively identified as the robber by five different witnesses, and the FBI found tire tracks near where the bank employee's vehicle from the third robbery was abandoned which closely resembled the tire treads on Appellant's truck.

On July 17, 1995, Appellant was indicted on three counts of armed bank robbery in violation of 18 U.S.C. § 2213(d), three counts of bank robbery by intimidation in violation of 18 U.S.C. § 2213(a), and three counts of the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The case was presented to a jury on January 22, 1996, which resulted in a mistrial due to the inability of the jury to reach a verdict. Following the mistrial, the prosecution dismissed all the counts under 18 U.S.C.§§ 924(c) and 2213(a). Thereafter, Appellant was tried and convicted on the remaining three counts under 18 U.S.C. § 2213(d). Appellant now appeals those convictions.

II. DISCUSSION

A. Standard of Review

The issues raised by Appellant involve evidentiary rulings made by the district court. On appeal, the Court gives substantial deference to

3

such evidentiary rulings and will not disturb those rulings absent a clear abuse of discretion, subject to harmless error analysis. United States v. Jackson, 124 F.3d 607, 618 (4th Cir. 1997), cert. denied, 118 S. Ct. 733 (1998) (citation omitted); United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "[I]n order to find a district court's error harmless, we need only be able to say `with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946); other citations omitted). Finding no abuse of discretion in the present case, we affirm.

B. Introduction of Extrinsic Evidence

At both his first and second trials, Appellant took the stand in his own behalf. During cross-examination at his second trial, the prosecutor questioned Appellant about lying under oath in an unrelated state court proceeding in order to avoid being convicted on a boating under the influence charge. Appellant denied lying.[1] Over Appellant's

_____

[1] At trial, the following conversation occurred between the prosecutor and Appellant:

> Q Now . . ., it's also the case sir, that you lied under oath . . .; isn't that right?
>
> A That is not correct. I told the absolute truth.
>
> Q Well, it is the case Mr. Lutz, that you in your words, "beat the charge"; isn't that right?
>
> A I don't believe I ever said that, sir.
>
> . . . .
>
> Q And in fact you did beat it, didn't you?
>
> A I was not guilty. I did win on those grounds, yes, sir.
>
> Q And the reason why you won on those grounds is because you told the Judge under oath that you had been drinking near beer; is that right?
>
> A Yes, sir.

4

objection, the trial court then permitted the prosecutor to play a recorded conversation Appellant had with Mr. Clinton in which Appellant admits he told a state court judge he was drinking one-percent beer to "beat" conviction.[2] On appeal, Appellant contends the district court erred by allowing the tape to be played to the jury because it was inadmissible under Rule 608(b) of the Federal Rules of Evidence.

Rule 608(b) prohibits the use of extrinsic evidence of "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609 . . . ." Fed. R. Evid. 608(b), in part.[3] Appellant

_____

. . . .

Q It's a lie . . ., because you described yourself that night, or as you acknowledged that you were that night, you were quote "drunk as shit"? Excuse the expletive.

A That was Mr. Clinton's phrase. I merely just said yeah.

[2] The relevant portion of the tape contained the following conversation:

Clinton: Hey, whatever . . . whatever happened on the one you got drunk boating man? . . . .

Lutz: I beat it.

Clinton: How you'd beat it?

Lutz: I told him I was drinking "Near Beer", one percent.

Clinton: You was drunk as shit that night.

Lutz: Yeah. That's right. I was.

. . . .

Lutz: See alls he kept saying was I was . . . I smelled like beer. So I said yeah I smell like beer.

Clinton: Yeah.

Lutz: "Near Beer". I told him I don't drink (unintelligible) (chuckles).

[3] Rule 608(b) further provides that specific instances of conduct

may, however, in the discretion of the court, if probative of truth-fulness or untruthfulness, be inquired into on cross-examination

5

asserts the tape recording was relevant only as evidence of a specific instance of misconduct for impeachment purposes and had no relevance to the bank robbery charges. Therefore, Appellant argues the evidence should have been excluded under Rule 608(b) and the Fourth Circuit's decision in United States v. Ling, 581 F.2d 1118 (4th Cir. 1978). The Court finds no merit to Appellant's arguments.

In Ling, the Court stated it is well-established law "that a defendant who voluntarily offers himself as a witness and testifies in his own behalf subjects himself to legitimate and pertinent cross-examination to test his veracity and credibility." 581 F.2d at 1120. However, the Court also held that

> when a defendant is cross-examined for the purpose of impeaching his credibility by proof of specific acts of past misconduct not the subject of a conviction, the examiner must be content with the witness' answer. The examiner may not, over objection, produce independent proof to show the falsity of such answer. This court has summarized the no extrinsic evidence rule by stating "the interrogator is bound by [the witness'] answers and may not contradict him." Although the cross-examiner may continue to press the defendant for an admission, he cannot call other witnesses to prove the misconduct after defendant's denial.

Id. at 1120-21 (emphasis added; citation omitted). Thus, under Ling and Rule 608(b), the prosecution could not offer extrinsic evidence of prior conduct to prove the falsity of an answer given. To the contrary, however, the present case is distinguishable from Ling because the tape-recorded evidence admitted in the instant action was Appellant's own prior statement, not prior conduct. As a prior statement, the tape recording was admissible as an admission by a party-opponent under Rule 801(d)(2)(A) and as a prior inconsistent statement under Rule 613(b) of the Federal Rules of Evidence.

_____

> of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608(b).

6

When Appellant chose to testify on his own behalf, he put his credibility at issue. See Ling, 581 F.2d at 1120. To show his lack of truthfulness, Appellant was asked on cross-examination whether he previously told Mr. Clinton that he lied under oath in a state court proceeding to "beat" a drunk boating charge. Upon Appellant's denial of this accusation, the prosecution introduced Appellant's recorded statements in which Appellant admitted to being drunk and beating the charge by lying to the judge.

Pursuant to Rule 801(d)(2)(A) "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity . . . ." Fed. R. Evid. 801(d)(2)(A). Obviously, the purpose of introducing the recording was to impeach Appellant's credibility with his own statement admitting to lying under oath. The prosecution did not attempt to impeach Appellant by his prior conduct, as prohibited under Rule 608(b). To be clear, impeachment by past conduct would entail, for example, the prosecution calling a witness to testify that Appellant was drinking real beer while in the boat. This type of testimony would be barred under Rule 608(b) and Ling because it is impeachment by extrinsic evidence of a specific act by Appellant to contradict his denial. Here, on the other hand, the evidence introduced was Appellant's own admission that he lied under oath, which was admissible as substantive evidence under Rule 801(d)(2)(A) and relevant to Appellant's truthfulness.**4** Moreover, the introduction of Appellant's prior statement was independently admissible as a prior inconsistent statement pursuant to Rule 613(b). See United States v. Kenny, 645 F.2d 1323, 1339-40 (9th Cir. 1981) (holding a tape recording of defendant's statements was admissible under Rule 801(d)(2)(A) and independently under Rule 613). When Appellant denied lying under oath in the boating trial, his taped statement was used properly for impeachment as a prior inconsistent statement.

Pursuant to Rule 613(b), extrinsic evidence of a prior inconsistent statement of a witness is admissible so long as "the witness is afforded an opportunity to explain or deny the same and the opposite

_____

**4 See Heater**, 63 F.3d at 324 (upholding the admission of statements under Rule 801(d)(2)(A) where a defendant told a friend that she was part owner of a marijuana field).

7

party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." Fed. R. Evid. 613(b), in part.**5** The record in the instant case demonstrates that Appellant was given the opportunity during cross-examination and questioning by his own counsel to explain his prior statement and why it was inconsistent with his testimony. Thus, the prosecution met the requisite foundational requirements of Rule 613(b), and the statement was admissible.**6**

_____

**5** Rule 613(b) provides in full:

> (b) <u>Extrinsic evidence of prior inconsistent statement of witness.</u> Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in rule 801(d)(2).

Fed. R. Evid. 613(b).

**6** Appellant argues <u>United States v. Lashmett</u>, 965 F.2d 179 (7th Cir. 1992), and <u>Lewis v. Baker</u>, 526 F.2d 470 (2d Cir. 1975), support his position that the testimony was inadmissible extrinsic evidence. We disagree. Both <u>Lewis</u> and <u>Lashmett</u> are distinguishable from the present case.

In <u>Lewis</u>, the court only considered the impact of Rule 608(b) and did not discuss whether a prior inconsistent statement is admissible under Rule 801(d)(2)(A) or 613(b). Thus, as an initial matter, <u>Lewis</u> is of limited relevance to the present case. Moreover, in <u>Lewis</u>, the Second Circuit actually upheld the propriety of a lower court's jury charge that testimony regarding a plaintiff-employee's false statements on a job application might be considered on the issue of the plaintiff-employee's credibility. 526 F.2d at 475-76.

In <u>Lashmett</u>, a witness testified that, except for routine family quarrels, he and another individual got along well. 965 F.2d at 184. The defendant in <u>Lashmett</u> sought to impeach this testimony by questioning the witness regarding an occasion when the other individual accused the witness of forging a check. <u>Id</u>. The lower court sustained an objection to the question because the inquiry was too broad and, "as formulated, it was directed at a family quarrel and an accusation of forgery, rather than an actual act of dishonesty." <u>Id</u>. The defendant did not attempt to reformulate the question and, therefore, under the circumstances, the Seventh Circuit determined the lower court did not abuse its discretion by sustain-

8

Lastly, Appellant argues that even if the evidence is admissible, it should have been excluded under Rule 403 of the Federal Rules of Evidence because its prejudicial impact substantially outweighed its probative value.**7** However, as previously stated, Appellant put his credibility at issue when he took the stand in his own behalf, and, although Appellant's prior inconsistent statement and admission to lying under oath clearly were prejudicial to him, its prejudicial character did not outweigh its probative value as to credibility. Accordingly, the Court finds that use of Appellant's admission, which also was a prior inconsistent statement, was not unfairly prejudicial to him and the district court did not abuse its discretion by allowing this evidence to be introduced.

C. Admission of Prior Testimony

In his second assignment of error, Appellant argues the district court erred by allowing the prosecution to introduce a selected portion of Appellant's testimony from his first trial without permitting Appellant to introduce additional portions of that testimony.**8** Appellant maintains the additional testimony should have been admitted pursuant to Rule 106 of the Federal Rules of Evidence because it explains the context of the testimony offered by the prosecution.**9** In the testi-

_____

ing the objection. Id. The difference between Lashmett and the present case is that the matter sought to be introduced in Lashmett was purely conduct and, therefore, Rule 608(b) was the only controlling rule. However, Rules 613(b) and 801(d)(2)(A) apply in the present case because Appellant's prior statement was an admission and it was inconsistent with his trial testimony.

**7** Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**8** Before Appellant testified at his second trial, his counsel stated on the record it was the defense's position that the district court's ruling was effectively forcing Appellant to testify at his second trial to explain the context of the prior statements.

**9** Rule 106 provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106.

9

mony read to the jury, Appellant confessed that he directed his wife to sign the name "Richard Fox" to several money orders which were deposited in Appellant's bank account. The district court admitted a portion of Appellant's designated testimony to explain that the use of the fictional name on the money orders was prompted by Appellant's fear of the Internal Revenue Service (hereinafter IRS).**10** In order to further elaborate his fear, Appellant also sought to introduce extensive testimony from the prior trial concerning his many jobs and business dealings before and after the money orders were deposited. Upon reviewing the testimony read to the jury and the additional testimony designated by Appellant, the Court finds the district court did not abuse its discretion by limiting the admission of the testimony proposed by Appellant.

Rule 106 is a rule of completeness and is designed "to ensure that `when one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completion is ipso facto relevant and therefore admissible. . . .'" United States v. Ellis, 121 F.3d 908, 921 (4th Cir. 1997), cert. denied, 118 S. Ct. 738 (1998) (quoting Beech Aircraft Corp. v. Rainey , 488 U.S. 153, 172 (1988)). In other words, the purpose of Rule 106 is to prevent the jury from being misled "by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received." United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996), cert. denied, 118 S. Ct. 341 (1997) (citations omitted). By allowing a portion of Appellant's testimony to show his fear of the IRS, the trial court avoided the danger which the rule is designed to prevent. The jury was neither misled nor provided a distorted version

_____

**10** Specifically, the district court admitted the following portion of the testimony designated by Appellant:

> Q. Why did you have those money orders made out in the name of Richard Fox?
>
> A. Because I still feared the IRS. I didn't want to put it in as cash. I didn't want the IRS to know I even had cash.
>
> Q. Is there a Richard Fox?
>
> A. There may be. I am not even sure where the name comes from.

10

of Appellant's prior testimony concerning the money orders. The court reasonably determined that the remainder of Appellant's designation was not required for completeness. We agree and find the district court's ruling was sufficient to satisfy the requirement of Rule 106.

Under Rule 106, relevancy, alone, does not require the court to admit prior testimony for completeness. In fact, the Court finds the additional testimony Appellant sought to introduce in the present case is replete with a number of self-serving and irrelevant statements which go beyond clarifying or explaining the testimony offered by the prosecution. Accordingly, the Court holds the district court did not abuse its discretion by denying Appellant's request to introduce the additional testimony.

III. <u>CONCLUSION</u>

For the foregoing reasons, the final order of the district court is affirmed.

<u>AFFIRMED</u>

11